IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SPECTRUM ASSOCIATION** | § | |
| **MANAGEMENT OF TEXAS, LLC** | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION 5:18-cv-00940-ADA |
| **v.** | § | |
| | § | |
| **LIFETIME HOA MANAGEMENT,** | § | |
| **LLC and JAY TUTTLE,** | § | |
| *Defendants.* | | |

**ORDER DENYING DEFENDANTS' MOTION TO ALTER OR AMEND THE
JUDGMENT, OR ALTERNATIVELY, FOR NEW TRIAL**

Came on for consideration this date the Motion of Defendants, Lifetime HOA Management, LLC and Jay Tuttle ("Defendants") to Alter or Amend the Judgment, or Alternatively, For New Trial under Federal Rule of Civil Procedure 59 filed on May 15, 2020. (ECF No. 66). Plaintiff Spectrum Association Management of Texas, LLC ("Spectrum") responded on May 22, 2020. (ECF No. 68). After careful consideration of the above briefings, the Court **DENIES** Defendants' motion to alter or amend the judgment, or alternatively, for new trial.

I.  BACKGROUND

Spectrum filed this lawsuit alleging that Defendants engaged in cyber-piracy and infringed on Spectrum's trademarks by registering Internet domain names that are identical or confusingly similar to Spectrum's trademarks. ECF No. 1 at ¶ 1. Spectrum also alleged that Defendants used these domain names in bad faith to profit from Spectrum's trademarks. *Id*. The Court held a bench trial and entered a final judgment holding that Defendants violated the Anti-Cybersquatting/Piracy Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). ECF No. 66 at

1

¶¶ 2, 4. The Court awarded statutory damages and found that the case was not "exceptional" under 15 U.S.C. § 1117(a). *Id.* at ¶ 5.

Defendants filed a Motion to Alter or Amend the Judgment, or Alternatively, For New Trial under Fed. R. Civ. P. 59. ECF No. 66. Defendants request that the damages award be remitted for excessiveness as a matter of law. *Id.* at ¶ 14. Defendants also request that the Court alter or amend the judgment in light of the Court's reliance on Spencer Powell's testimony. *Id.* at ¶ 27. Defendants contend that the inability to cross-examine the witness and impeach his credibility resulted in a denial of rights and an undue prejudice of the Defendants which led to an excessive verdict. *Id.* Defendants request, alternatively, that the Court to grant a new trial in the interest of justice and fairness for the reasons listed above. *Id*. at ¶ 29.

## II. LEGAL STANDARD

### a. Motion to Alter or Amend the Judgment

Fed. R. Civ. P. 59 provides that a court may alter or amend a judgment once a judgment has been entered. FED. R. CIV. P. 59(e). Rule 59(e) permits a court to alter or amend a judgment in three instances: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "A motion to alter or amend the judgment under [Fed. R. Civ. P.] 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (quoting *Schiller*, 342 F.3d at 567). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the

entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000). Moreover, the standard for Rule 59(e) "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

    b.  **Motion for New Trial**

Under Fed. R. Civ. P. 59(a), the district court may grant a new trial on all or some of the issues after a nonjury trial. FED. R. CIV. P. 59(a). "A district court can grant a motion for new trial if the first trial was unfair." *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005). "Even when only one issue is tainted by error or prejudice, a new trial must nevertheless be granted on all issues 'unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Eximco, Inc. v. Trane Co.*, 748 F.2d 287, 290 (5th Cir. 1984) (quoting *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 500 (1931)).

The Fifth Circuit has identified circumstances that support granting a new trial: "if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989)). Only one factor must weigh in favor of granting a new trial, and even if none do, a new trial may be justified when other evidence demonstrates that the verdict was incorrect. *Cates*, 431 F.3d at 460–61. This standard requires the verdict to be "against the great—not merely the greater—weight of the evidence." *Scott*, 868 F.2d at 789 (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362–63 (5th

Cir. 1980)). "[M]ere conflicting evidence or evidence that would support a different conclusion" cannot serve as the basis for a new trial. *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). "Unless justice requires otherwise, no error in admitting or excluding evidence— or any other error by the court or a party—is grounds for granting a new trial . . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61.

### III. DISCUSSION

Defendants argue that the damages award should be remitted for excessiveness, or alternatively, a new trial should be granted. ECF No. 66 at ¶¶ 14, 50. Defendants assert that a judgment is excessive if it is proven to exceed the rational estimate of the damages that could have been brought before a jury based on the evidence. *Id.* (citing *Glazer v. Glazer*, 374 F.2d 390, 413 (5th Cir. 1967)). Defendants argue that the maximum statutory damages award of $100,000 is disproportionate compared to the injury in this case. *Id.* Defendants point to the inability of Spectrum to identify actual damages as Spectrum could not prove a specific amount of damages. *Id.* at ¶ 14. Defendants also contend that Spectrum did not establish that the customers that the Defendants gained resulted from the infringing domain. *Id.* at ¶ 17. Spectrum instead elected to recover "an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name." *Id.* at ¶ 14 (citing 15 U.S.C. § 1117(d)). Defendants argue that a jury would not have enough evidence to find bad faith justifying $100,000 in damages since the Court did not find that this case was "exceptional" where malicious, fraudulent, deliberate, or willful conduct occurred. *Id.* at ¶¶ 15–16 (citing 15 U.S.C. § 1117(a); *Texas Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 697 (5th Cir. 1992)). Defendants conclude that that damages award was excessive and necessitate remitter or a new

4

trial because the judgment was not based on reasonable inferences and cannot withstand an appeal. *Id.* at ¶¶ 18–19.

Defendants also argue that the Court erred in relying on the testimony of Mr. Spencer Powell, so the judgment should be altered or amended, or a new trial should be granted. *Id.* at ¶¶ 20, 50. Defendants relied on the fact that the case was operated and controlled through the San Antonio Division of the Western District of Texas, so Mr. Powell could be called to testify as a San Antonio resident in addition to his deposition. *Id.* at ¶ 21. Defendants reserved their questioning of Mr. Powell for trial with the assumption that Mr. Powell could be called to testify. *Id.* at ¶ 24. At trial, the Court overruled Defendants' objection to Spectrum's introduction of deposition excerpts claiming that Mr. Powell could not attend the trial as a witness. *Id.* at ¶¶ 25–26. Defendants contended that live testimony was necessary to rebut the allegedly false allegations contained within the testimony, but the Court held that Mr. Powell was outside of the radius of where the trial was physically held, so Mr. Powell did not have to appear. *Id.* at ¶ 26. Defendants conclude that the inability to cross-examine Mr. Powell unduly prejudiced the Defendants and led to an excessive verdict. *Id.* at ¶¶ 27–28.

Spectrum argues that there is no basis for granting Defendants' motion since the motion does not present any new evidence or clear error.[1] ECF No. 68 at ¶ 3. Spectrum further argues that the Defendants fail to identify any authority that prohibits the Court's statutory award under the facts of the case. *Id.* at ¶ 4. Spectrum disputes that the award was unsupported by the record evidence as the Court identified substantial facts supporting the award of statutory damages. *Id.*

---

[1] Spectrum also requests that the motion be denied if the Court were to consider Defendants' motion under Rule 60. ECF No. 68, n. 1. The Court will consider the motion under Rule 59 as the motion was filed within twenty-eight days after entry of final judgment. *See* FED. R. CIV. P. 59; *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) ("If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.").

at ¶ 5. Spectrum also points to the Court's recognition that damages can be incurred beyond identifiable monetary damages and that the ACPA's statutory damages provisions are designed not only to "compel restitution of profit and reparation of injury" but also "to discourage wrongful conduct." *Id.* (citing ECF No. 61 at p. 11, 15–18 (quoting *Graduate Management Admission Council v. Raju*, 267 F. Supp. 2d 505, 511–12 (E.D. Va. 2003))). Spectrum also argues that the willful conduct identified by the Court is sufficient to support the Court's award of statutory damages. *Id.* at ¶ 6. Spectrum also points to the Defendants' behavior post-trial as evidence of willful, malicious, and deliberate conduct. *Id.* Spectrum alleges that Defendants have copied text from Spectrum's copyright protected website pages for use on Lifetime's own refashioned website. *Id.* (citing ECF No. 68, Exs. A–B). Spectrum concludes that the Court possessed sufficient evidence to support the Court's award of statutory damages. *Id.*

Spectrum also argues that the Defendants repeat their argument regarding the deposition excerpts of Mr. Spencer Powell. *Id.* at ¶ 7. Spectrum agrees that the Court correctly ruled that the excerpts were admissible under Fed. R. Civ. P. 32 because Mr. Powell was "more than 100 miles from the place of the hearing or trial." *Id.* (citing FED. R. CIV. P. 32(a)(4)(B)). Spectrum points out that the Court notified both parties of the trial's location in Waco in October of 2019, and Spectrum filed the deposition excerpts on January 2, 2020 with its pretrial submission. *Id.* at ¶ 8. (citing ECF Nos. 37, 43). Spectrum claims that Defendants knew that Spectrum intended on introducing the excerpts at trial well before trial. *Id.* Spectrum further argues that the Defendants failed to timely object to the excerpts, submit their own competing excerpts, or request additional time to conduct another deposition of Mr. Powell based on the location of trial. *Id.* Spectrum alleges that the Defendants now claim prejudice once the Court ruled in Spectrum's favor. *Id.*

Spectrum concludes that the Defendants waived any objections to the admission of the deposition excerpts, so the Defendants' motion should be denied. *Id.*

The Court considers a damage award to be excessive when the award is "contrary to right reason" or "entirely disproportionate to the injury sustained." *See Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983). The Court acknowledges that Spectrum elected to recover an award of statutory damages as opposed to actual damages and profits. *See* 15 U.S.C. § 1117(d)); ECF No. 25 at 10. This Court has discretion in determining the amount of the award for plaintiffs who elect statutory damages under the ACPA. *See Kiva Kitchen & Bath, Inc. v. Capital Distrib. Inc.*, 319 Fed. App'x 316, 320–21 (5th Cir. 2009). The Court also takes into account whether a defendant's registration and/or use of the domain name at issue was done in bad faith, whether a defendant's actions were willful, whether a defendant's domain name promotes competing products or services, whether a defendant transferred the domain name to avoid liability, and the deterrent effect caused by the award. *See id.*; *Raju*, 267 F. Supp. 2d at 511–12 ("Statutory damages are intended not merely for the restitution of profit or reparation of injury, but to deter wrongful conduct.").

As mentioned by Spectrum, the Court identified several facts to demonstrate that the Defendants' actions were willful and improper, competed with Spectrum's services, and warranted a finding for maximum statutory damages. *See* ECF No. 68 at ¶ 5 (citing ECF No. 61 at p. 11, 17–18). Only attorney argument suggests that the Defendants ever offered to unconditionally turn over the Infringing Domain free of charge. *See* ECF No. 61 at ¶ 73. However, statements by counsel cannot be utilized as evidence. *See United States v. Morris*, 568 F.2d 396, 402 (5th Cir. 1978). Mr. Tuttle knew of the existence of Spectrum's domain and Marks when registering the Infringing Domain. ECF No. 61 at ¶ 74 (citing Trial Tr. 20:22–21:1; 23:4–

21; 66:13–17). Defendants knew that neither Mr. Tuttle nor Lifetime had legitimate rights to the Marks but resolved the Infringing Domain to Lifetime's website. *Id.* (citing ECF No. 43, Ex. 2, Housley Excerpts at pp 35:24–36:18; Trial Tr. 76:8–77:2, 91:12–92:24, 132:13–133:16). Defendants' disregard for the submission of inaccurate answers to written discovery also demonstrates Defendants' actions were willful. *See id.* at ¶ 75 (citing Ex. P-10, P-13 to P-15; ECF No. 43, Ex. 2, Saucedo Excerpts at p. 23:13–24, 24:10–26:13; Trial Tr. 33:22–36:2; 96:6–98:9; 100:7–102:9; *Lahoti v. Vericheck*, 708 F. Supp. 2d. 1150, 1170–71 (W.D. Wash. 2010)). Mr. Tuttle's history of assisting Lifetime in order to compete with Spectrum during the period of his non-compete agreement and evidence that the creation of Lifetime was his idea also evidences Defendants' actions were likely in bad faith. *See id.* at ¶ 76 (citing ECF No. 43, Ex. 2, Powell Excerpts at p. 12:13–13:19, 15:2–16:23, 42:24–43:25, 52:13–22, 53:1–18, 60:22–61:5, 68:20–69:15, 70:12–71:1). Furthermore, Defendants admit that they registered the Infringing Domain with the intent to direct consumers looking for Spectrum's association-management services to Lifetime's website offering substantially similar services. *See id.* at ¶ 77 (citing Trial Tr. 76:8-77:2, 132:13-133:16). Defendants provide no new evidence to refute these findings. Moreover, the Defendants' post-trial behavior of blatantly copying content from Spectrum's website further solidifies the Court's finding of the award of maximum statutory damages. *See* ECF No. 68 at ¶ 5.

Defendants contend that the Court's finding that this case is not exceptional indicates that the maximum statutory damages award is excessive. ECF No. 66 at ¶ 16. However, the Court notes that a finding that willful behavior is present which can lead to an award of maximum statutory damages does not necessitate that Court also find the case to be exceptional. *See* ECF No. 61 at ¶ 81. A finding of an exceptional case as outlined in the Findings of Fact and

Conclusions of Law warrants more than just willful behavior, but also entails "a high degree of culpability such as bad faith or fraud." *See id.* at ¶ 80 (quoting *Texas Pig Stands*, 951 F.2d at 697). While the Court indicated that a likelihood of bad faith was present, the Court was not satisfied to find that the case was exceptional. *See id.* at ¶ 81 (citing *Texas Pig Stands,* 951 F.2d at 697). Moreover, the fact that a case is exceptional only governs the award of reasonable attorney's fees. *See id.* at ¶ 79 (citing 15 U.S.C. § 1117(a)). Willful, improper behavior with a likelihood of bad faith demonstrates to the Court that an award of maximum statutory damages is proper.

Defendants also argue that the introduction of Mr. Powell's deposition excerpts unduly prejudiced the Defendants and led to an excessive damages award. ECF No. 66 at ¶ 27. Defendants do not contest that they were "represented at the taking of the deposition" or contest that the deposition would be "admissible under the Federal Rules of Evidence if the deponent were present and testifying." *See* FED. R. CIV. P. 32(a)(1)(A)–(B). Defendants also do not contest that Spectrum procured the absence of Mr. Powell. *See* FED. R. CIV. P. 32(a)(4)(b). The Court acknowledges the Defendants' interpretation of "place of hearing or trial" within Fed. R. Civ. P. 32(a)(4)(b), but the Court does not agree that the place of trial equates to the division governing the proceedings. *See id.* The Court finds the reasoning from the Fourth Circuit on this issue particularly apposite. *See Tatman v. Collins*, 938 F.2d 509, 511–12 (4th Cir. 1991).[2] In that case, the Fourth Circuit faced a similar issue where a party moved to introduce deposition excerpts as the witness resided more than 100 miles from the courthouse, but the district court refused to admit the evidence because the witness resided within 100 miles of the border of the district governing the case. *Id.* at 510. The Fourth Circuit reversed the district court's decision and found

---

[2] While the Fourth Circuit examined a previous version of the Federal Rules of Civil Procedure with the relevant subsection listed as Rule 32(a)(3)(B), the language of the current subsection, Rule 32(a)(4)(B), remains the same.

that the place of trial is the courthouse where the trial takes place. *Id.* at 511. The Fourth Circuit reasoned that measuring distance from the borders of the district rather than from the courthouse would provide a variable standard of convenience dependent on the size of the district, the location of the trial, and the location of the witness. *Id.* The Fourth Circuit also noted that the drafters of the rule specifically used the language "place of trial" rather than "the district" or other descriptors of location found in the Federal Rules of Civil Procedure. *Id.* This Court agrees that the text of the rule is clear. *See id.* The Court reaffirms for the reasons stated above that the place of trial is the courthouse where the trial is taking place. Therefore, the Court properly admitted the deposition excerpts of Mr. Powell.

## IV. CONCLUSION

The Court finds that none of the three instances for altering or amending a judgment are present in this case. *See Schiller*, 342 F.3d at 567. Likewise, the Court finds that none of the circumstances that support granting a new trial are present in this case. *See Scott*, 868 F.2d at 789. It is therefore **ORDERED** that the Defendants' motion to amend or alter the judgment, or alternatively, for new trial is **DENIED**.

**SIGNED** this 26th day of June, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE