IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPECTRUM ASSOCIATION MANAGEMENT OF TEXAS, LLC,<br>*Plaintiff*<br><br>-vs-<br><br>LIFETIME HOA MANAGEMENT, LLC and JAY TUTTLE,<br>*Defendant* | CIVIL NO. 5:18-cv-00940-ADA |

## ORDER GRANTING-IN-PART SPECTRUM ASSOCIATION MANAGEMENT OF TEXAS'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS

Before the Court is Plaintiff Spectrum Association Management of Texas, LLC ("Plaintiff" or "Spectrum") Motion for Attorneys' Fees (ECF No. 94), Defendant Lifetime HOA Management, LLC ("Defendant" or "Lifetime HOA") and Jay Tuttle's ("Tuttle") Response in Opposition (ECF No. 95), and Spectrum's Reply (ECF No. 96). After reviewing the parties' briefs, the relevant facts, and the applicable law, the Court has determined that Plaintiff's Motion for Attorneys' Fees should be **GRANTED-IN-PART**.

### I. Background

This action arises out of Plaintiff's trademark infringement dispute through violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). Plaintiff is a community-associated management services company for homeowners' associations ("HOA"). Plaintiff owns exclusive rights to federally registered trademarks associated with its name. Defendant is a competing community-associated management services company for HOAs. Defendant Tuttle was previously employed as director of business development for Plaintiff.

1

Defendant Tuttle registered the domain name "Spectrumhoamanagement.com" which redirected to a Defendant Lifetime HOA's website.

Following discovery of the redirecting site, Plaintiff filed suit in the San Antonio Division of the Western District of Texas on September 11, 2018. The case was moved to the Waco Division by transfer order on May 21, 2019. Defendant admitted to an intentional violation of the ACPA. The Court held a bench trial on February 4, 2020. Any ACPA safe harbors did not protect defendant. ECF No. 61 at 12–15. Defendant was found to have conducted willful and bad faith conduct in its award of $100,000. *Id.* The trial court did not find the case exceptional to award attorneys' fees. *Id.* at 19–20. Defendant appealed. On appeal, the Fifth Circuit found the case to be an exceptional case that entitled Plaintiff to an award of attorneys' fees. ECF No. 93. Accordingly, Plaintiff filed this present motion requesting attorneys' fees. ECF No. 94.

## II. Attorneys' Fees

The Lanham Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The prevailing party is the party that succeeds on any significant issue in the litigation and that success provides some benefit that was sought by the party. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, Plaintiff Spectrum is the prevailing party because the relief sought by it was awarded by this Court. Furthermore, Plaintiff Spectrum is entitled to attorneys' fees because the Fifth Circuit already found this to be an exceptional case that entitles the prevailing party to attorneys' fees. *Spectrum Ass'n Mgmt. of Tex., LLC v. Lifetime HOA Mgmt., LLC*, 5 F.4th 560, 567 (5th Cir. 2021).

Defendant argues that the present issue does not constitute an "exceptional case" deserving of an attorneys' fees award. ECF No. 95. The Court is bound by the law-of-the-case doctrine and the analogous mandate rule. "It is black-letter law that a district court must comply with a mandate

issued by an appellate court." *M.D. v. Abbott*, 977 F.3d 479, 482 (5th Cir. 2020) (quoting *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007)). The law-of-the-case doctrine bars the district court, on remand, from reexamining the issue decided on appeal. *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015). The district court is further bound to implement the mandate of the appellate court on remand. *Id.* The Court is bound to implement the directive of the Fifth Circuit to allocate attorneys' fees and costs to Plaintiff, accordingly.

**A) Plaintiff's counsel is entitled to attorneys' fees following a reduction of the hourly rate for associate attorney Schumacher.**

"Determination of reasonable attorneys' fees involves a two-step procedure." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Id.* at 324. Next, "the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case." *Id*.

Reasonable hourly rates for the participating lawyers are not necessarily restricted merely to the location of the venue location. The Fifth Circuit has stated that reasonable billing rate may be considered in light of the home rate where out-of-district counsel was required in case. *Sierra Club v. Energy Future Holdings Corp.*, No. W-12-CV-108, 2014 U.S. Dist. LEXIS 185296, at *8 (W.D. Tex. Aug. 29, 2014). The Fifth Circuit has stated that reasonable hourly rates for out-of-town specialists must consider the *Hadix* conditions. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 382 (5th Cir. 2011). This requires considering if the out-of-town specialist was necessary and whether the rates are reasonable for an attorney of equivalent skill, experience, and reputation. *Id.* (quoting *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)). The *McClain* court further notes

that the result of the *Hadix* considerations for out-of-town specialists must be assessed in light of in-district rates and require appropriate reductions. *Id.*

Plaintiff has submitted evidence of the attorneys' fees it alleges were reasonable and necessary to prevail at trial. *See* ECF No. 94-1 and 94-2. Plaintiff argues that the reasonable hourly rate applicable to complete the lodestar method calculation should not be limited to the City of Waco. *Id.* at 4. It proposes extending to include San Antonio and Austin. *Id.* It argues the initial filing in San Antonio and Lanham Act focus support the extension. *Id.* Plaintiff proposes that the appropriate hourly rates for the San Antonio and Austin market range as follows: $595–675 per hour for partners, $410–525 per hour for associates, and $270–305 per hour for paralegals. *Id.* at 5. Plaintiff's proposals appear in the chart below.

| Lawyer | Hours | Lodestar Fee |
|---|---|---|
| James G. Ruiz | 28.6 | $ 17,933.00 |
| Andrew J. Schumacher | 405.3 | $ 199,404.00 |
| Kim Goldberg (Paralegal) | 1.8 | $ 477.00 |
| Maurcie A. Parmley | 16.5 | $ 4,455.00 |
| Totals | 452.2 | $ 222,269.00 |

Defendant disagrees. Defendant proposes the median hourly rate of $291 per hour reported by the Texas State Bar. ECF No. 95 at 5. It asserts that the Plaintiff hourly rates are grossly excessive considering the median hourly rates for metropolitan areas across Texas. *Id.* Defendant makes no assertions as to the appropriate hourly rates for paralegals.

Adjustments to Plaintiff's requested hourly rates are appropriate. While the Court finds it dubious that the appropriate hourly rate for a partner and a paralegal would be nearly equivalent, the requested rates are excessive at the top end. *See* ECF No. 94 at 5. Plaintiff's hourly rate for associate attorney Schumacher of $492 per hour favors the top end of the requested rates. *See id.*

The Court elects to adopt the midpoint of the Plaintiff's requested hourly rates as the reasonable maximum. Accordingly, the Court elects to reduce the associate hourly rate to $467.50 per hour for a lodestar fee of $189,477.80 for Mr. Schumacher. Plaintiff's request for lodestar fees for paralegals and partner attorneys are less than the adopted maximum rates. *See generally id.* The Court elects to make no adjustments to the related hourly rates. Plaintiff argues that degree of success obtained should be considered as an enhancement. *Id.* at 5–6. The Supreme Court has stated that lodestar figure includes most relevant factors already. *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). It noted that enhancements should be limited to rare circumstances. *Id.* at 552. The Court finds further enhancement to be unnecessary under the circumstances.

**B) Plaintiff's counsel is entitled to reasonable compensation for their requested time worked.**

Defendant further contests that Plaintiff gave an unreasonable and duplicative accounting of the hours worked on this case, leading to an unjust bloating in the bill of costs. ECF No. 94 at 6. Defendant cites authority for its position that could be compelling if Plaintiff's lawyers' conduct was as egregious as Defendant claims. The Court finds no such conduct occurred here. Plaintiff's lawyers provided a detailed and lengthy accounting of work done on this issue since its inception. ECF No. 94-2. Defendant's assertion that duplicative charges are clearly obvious is overstated. Plaintiff's counsel provided descriptions for each entry of the invoice. *Id.* Furthermore, Plaintiff's counsel lists no entries for unreasonable lengths of time for the assigned task. In sum, Defendant does not provide evidence of its claims and does not offer specific arguments to compel a decision in its favor.

### III. Conclusion

Plaintiff Spectrum's attorneys' fees were ordered upon remand by the Fifth Circuit. Plaintiff's counsel rates were considered upon the procedural history and the focus of the case.

Plaintiff's counsel provided reasonable time worked for the course of the litigation. Therefore, the Court finds Plaintiff's Motion for Attorneys' Fees should be **GRANTED-IN-PART**.

Plaintiff Spectrum seeks to recover $222,269.00 in attorneys' fees and costs. After reviewing Plaintiff's request and Defendant's objections, this Court concludes that $212,342.80 of Plaintiff's attorneys' fees and costs are recoverable. Plaintiff is further entitled to post-judgment interest at the rate of 0.15% on the judgment from its entry on May 15, 2020.

**IT IS SO ORDERED**.

SIGNED this 7th day of June, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE